## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RODRIGUES PRUITT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-cv-0627** |
| | ) | **Judge Campbell** |
| **JERRY LESTER, Warden, and** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## O R D E R

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. §
2254. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate at the Turney Center
Industrial Complex in Only, Tennessee.

According to the petition, on May 10, 2005, the petitioner was convicted by a Davidson
County Criminal Court jury of one count of possession of over .5 grams or more of cocaine with
intent to sell or deliver. (Docket No. 1 at p.1). On June 29, 2005, the petitioner was sentenced to
serve thirty (30) years for his crime. (*Id.*)

The petitioner's conviction and sentence were affirmed on direct appeal. *Pruitt v. State,*
2010 WL 424256, at \*1 (Tenn. Crim. App. Feb. 5, 2010). The petitioner filed a petition for state
post-conviction relief, but the current record does not indicate the date on which the petitioner filed
his petition. (*Id.* and Docket No. 1 at p.3).

Because the record lacks this critical date, the court is unable to evaluate the timeliness of

the petitioner's instant petition for *habeas corpus* relief.  It is also unclear whether the petitioner

filed an amended petition for state post-conviction relief and, if so, when.

Accordingly, the petitioner shall file a supplement to his petition providing the court with

all dates relevant to his petition so that the court can move this case forward.  The petitioner should

submit this supplement to the court within ten (10) days of his receipt of the court's order.   **The**

**petitioner is forewarned that, if he does not comply with this order within the time specified,**

**the court may dismiss his petition.**

An extension of time to submit the required items may be requested from this court if a

motion for an extension of time is filed within thirty (30) days of the date of entry of this order.  *Id.*

at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other*

*grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

_____
Todd J. Campbell
United States District Judge