UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RODRIGUES PRUITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-0627 |
| ) | Judge Campbell |
| JERRY LESTER, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondents. ) | |

## M E M O R A N D U M

Presently pending before the court are the petitioner's pro se motion for appointment of counsel (Docket No. 2) and the respondents' motion to dismiss the § 2254 petition as untimely (Docket No. 22).

### I.   Facts and Procedural History

The petitioner, Rodrigues Pruitt, presently is an inmate at the Turney Center Industrial Complex in Only, Tennessee. On May 10, 2005, the petitioner was convicted by a Davidson County Criminal Court jury of one count of possession of .5 grams or more of cocaine with intent to sell or deliver, a Class B felony. On June 29, 2005, the petitioner was sentenced to serve thirty (30) years as a career offender for his crime, to be served consecutively to a separate sentence. (*Id*.)

On September 8, 2006, the petitioner's conviction and sentence were affirmed by the Tennessee Court of Criminal Appeals. *State of Tennessee v. Rodrigues D. Pruitt,* No. M2005-01862-CCA-R3-CD, 2006 WL 2682822 (Tenn. Crim. App. Sept. 8, 2006). On January 29, 2007, the Tennessee Supreme Court denied the petitioner's application for permission to appeal.

1

On August 31, 2007, the petitioner filed a pro se petition for post-conviction relief.[1] Following an evidentiary hearing, the petition for post-conviction relief was denied on March 28, 2008. The Tennessee Court of Criminal Appeals affirmed the denial of the petition for post-conviction relief on February 5, 2010. On June 17, 2010, the Tennessee Supreme Court denied the petitioner's application for permission to appeal the denial of state post-conviction relief.

The petitioner filed a pro se petition for writ of habeas corpus in this court on May 20, 2011. (Docket No. 1). The petition sets forth three claims: (1) the state trial and appellate courts failed to address the merits of the issues raised in the petitioner's original pro se petition for post-conviction relief; (2) ineffective assistance of counsel; and (3) whether the petitioner was afforded his constitutional right to a fair trial. (*Id.*)

The respondents have filed a motion to dismiss the petition, asserting that the petition is barred by the statute of limitations and should therefore be dismissed. (Docket No. 22). The petitioner has not responded in opposition.

## II. Motion for Appointment of Counsel

The petitioner has submitted a motion for appointment of counsel. (Docket No. 2). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

---

[1] The petitioner, by counsel, filed an amended petition for post-conviction relief and second amended petition for post-conviction relief on January 9, 2008, and January 23, 2008, respectively.

2

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the petitioner asserts that he "is a layman, and does not possess anywhere near the specialized education and knowledge necessary to proceed in this action in an adequate or competent fashion." (Docket No. 2). He also asserts that the appointment of counsel is "necessary" to enable to petitioner to establish "several issues which strike at the very heart of fundamental fairness and due process of law." (*Id*.) The petitioner's circumstances, however, are typical to most prisoners and do not suggest anything exceptional in nature. Therefore, the petitioner's motion for the appointment of counsel will be denied.

### III. Statute of Limitations Governing 28 U.S.C. § 2254 Motions

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490,

494 (6th Cir. 2003)).

## IV. Analysis of Timeliness of Petition

The date on which the petitioner's state court judgment became final under 28 U.S.C. § 2244(d)(1)(A) was April 30, 2007, upon expiration of the ninety (90) day period for seeking a writ of certiorari in the United States Supreme Court on direct appeal from his sentence and conviction (January 29, 2007 plus ninety days). Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the petitioner was required to file his habeas corpus petition within one year from the date, or by April 30, 2008.

The instant petition was signed and dated on May 16, 2011. (Docket No. 1 at p. 10). Thus, the present action is timely only if the one-year period was tolled during the pendency of any properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

By the time the petitioner filed his petition for post-conviction relief on August 31, 2007, one-hundred and twenty-three (123) days of the one-year limitation period had passed. On March 28, 2008, the trial court denied the petitioner's petition for state post-conviction relief. The Tennessee Court of Criminal Appeals affirmed the denial of the petition for post-conviction relief on February 5, 2010. On June 17, 2010, the Tennessee Supreme Court denied the petitioner's application for permission to appeal the denial of state post-conviction relief. Thus, once the petitioner's state post-conviction proceedings became final, he had two-hundred and forty-two (242) days of the remaining one year statute of limitations period, or until February 4, 2011, in which to timely file the instant petition.

The petitioner then waited three-hundred and thirty-three (333) days, until May 16, 2011, before filing the instant petition. In other words, he filed the petition too late.

4

Case 3:11-cv-00627   Document 23   Filed 10/20/11   Page 4 of 5 PageID #: 737

494 (6th Cir. 2003)).

## IV. Analysis of Timeliness of Petition

The date on which the petitioner's state court judgment became final under 28 U.S.C. § 2244(d)(1)(A) was April 30, 2007, upon expiration of the ninety (90) day period for seeking a writ of certiorari in the United States Supreme Court on direct appeal from his sentence and conviction (January 29, 2007 plus ninety days). Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the petitioner was required to file his habeas corpus petition within one year from the date, or by April 30, 2008.

The instant petition was signed and dated on May 16, 2011. (Docket No. 1 at p. 10). Thus, the present action is timely only if the one-year period was tolled during the pendency of any properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

By the time the petitioner filed his petition for post-conviction relief on August 31, 2007, one-hundred and twenty-three (123) days of the one-year limitation period had passed. On March 28, 2008, the trial court denied the petitioner's petition for state post-conviction relief. The Tennessee Court of Criminal Appeals affirmed the denial of the petition for post-conviction relief on February 5, 2010. On June 17, 2010, the Tennessee Supreme Court denied the petitioner's application for permission to appeal the denial of state post-conviction relief. Thus, once the petitioner's state post-conviction proceedings became final, he had two-hundred and forty-two (242) days of the remaining one year statute of limitations period, or until February 4, 2011, in which to timely file the instant petition.

The petitioner then waited three-hundred and thirty-three (333) days, until May 16, 2011, before filing the instant petition. In other words, he filed the petition too late.

The petitioner does not dispute that his petition is untimely. Neither does he contend that the one-year limitations period should be equitably tolled.[2] The petitioner has not provided the court with facts that would demonstrate why he could not have submitted his § 2254 motion within a year, had he been reasonably diligent. Nor has the petitioner shown "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. 327, 336. In fact, the petitioner has not responded in opposition *at all* to the respondents' motion to dismiss his petition. Accordingly, the court finds that the petitioner has not carried his burden of proving that the time limitation should be tolled. Mr. Pruitt's § 2254 petition is untimely and must be dismissed.

**V.     Conclusion**

For the reasons explained herein, the petitioner's motion for appointment of counsel (Docket No. 2) will be **DENIED.** The respondents' Motion to Dismiss (Docket No. 22) will be **GRANTED**. The petition (Docket No. 1) will be **DENIED**, and this action will be **DISMISSED**.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge

---

[2] The petitioner bears the burden of persuading the court that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In order to obtain such relief, he must show "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)(quotations omitted).

5